**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEAGUE FOR COASTAL PROTECTION, et al.,

       Plaintiffs,

    v.

DIRK KEMPTHORNE, Secretary of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR; and MINERALS MANAGEMENT SERVICE and PETER TWEEDT, Regional Manager;

       Defendants.

_____/

No. C 05-0991-CW

ORDER GRANTING PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND COSTS

Plaintiffs League for Coastal Protection, Otter Project, Sierra Club, Citizens' Planning Association of Santa Barbara County, Defenders of Wildlife, Environment California, Get Oil Out, Natural Resources Defense Council, Santa Barbara Channel Keeper, and Surfrider Foundation move for an interim award of attorneys' fees and costs in the amount of $187,054.52. Defendants oppose the

motion.   The matter was taken under submission on the papers.
Having considered all of the papers filed by the parties, the Court
GRANTS Plaintiffs' motion and awards interim fees and costs in the
amount of $185,230.28.

BACKGROUND

In November, 1999, MMS granted suspensions for thirty-six oil
and gas leases located off of the central California coast, relying
on categorical exclusions[1] that allowed it to avoid conducting
environmental analyses.   California ex rel. California Coastal
Comm'n v. Norton, 150 F. Supp. 2d 1046, 1050 (N.D. Cal. 2001),
aff'd, 311 F.3d 1162 (9th Cir. 2002).   In Norton, this Court deemed
those suspensions invalid because MMS had failed to comply with the
Coastal Zone Management Act and the National Environmental Policy
Act (NEPA) by not adequately documenting its reliance on the
exclusions.   150 F. Supp. at 1057.

The issue was remanded to MMS to provide a reasoned
explanation for reliance on the categorical exclusions, including
explanations of why exceptions did not apply.   Id. at 1057.   This
Court retained jurisdiction over MMS's compliance with the Court's
Order.   State of California v. Norton, C 99-4964 CW (Docket No.
139, December 9, 2003 Order Re: Motion to Remand at 12).   In

_____

[1]Categorical exclusion means "a category of actions which do
not individually or cumulatively have a significant effect on the
human environment" and for which neither "an environmental
assessment nor an environmental impact statement is required." 40
C.F.R. § 1508.4.

2

response, MMS decided to perform environmental assessments[2] (EAs).

Pursuant to NEPA, Defendants conducted an administrative process, including an opportunity for public comment and participation. Plaintiffs in the instant case, who were also Plaintiffs in <u>Norton</u>, participated in the administrative process.

On February 11, 2005, MMS issued six final EAs on new proposed suspensions for the thirty-six leases involved in the prior litigation, and an adjacent lease.

On March 9, 2005, Plaintiffs filed the instant case alleging that Defendants violated NEPA, 42 U.S.C. § 4332 <u>et seq.</u>

On June 23, 2005, Plaintiffs filed a motion for summary judgment asserting that Defendants had violated the procedural and substantive requirements of NEPA by failing to prepare an environmental analysis of future exploration and development activities under the suspended oil leases and by producing flawed and incomplete EAs of activity that would occur during the suspensions. Defendants opposed the motion and filed a cross-motion for summary judgment.

On August 31, 2005, the Court granted Plaintiffs' motion for summary judgment and denied Defendants' cross-motion. August 31, 2005 Order at 13. The Court ordered the EAs and FONSIs relating to the lease suspensions remanded to Defendant MMS to complete

---

[2] An Environmental Assessment is a public document that may do one of the following: 1) provide evidence and analysis for determining whether to prepare an environmental impact statement or a finding of no significant impact; 2) "aid an agency's compliance with the Act when no environmental impact statement is necessary;" or 3) "facilitate preparation of a statement when one is necessary." 40 C.F.R. § 1508.9(a)(1-3).

United States District Court

For the Northern District of California

adequate NEPA analyses on the lease suspensions.   <u>Id.</u>

On September 13, 2005, the Court approved a stipulation by the parties to extend the deadline for filing a motion for attorneys' fees to thirty days after final judgment following the exhaustion of all appeals.  On September 30, 2005, the Court decided to consider Plaintiffs' bill of costs along with their petition for attorneys' fees.  September 30, 2005 Order at 1.

On October 25, 2005, Defendants filed a notice of appeal.  On February 9, 2006, the Ninth Circuit granted Defendant-Appellants' motion to stay the appeal pending the outcome of <u>Amber Resources Co. v. United States</u>, case numbers 02-30C, 04-1822C and 05-249C, in the United States Court of Federal Claims where the owners of the leases that are the subject of the instant case are seeking rescission of the leases and damages.  Based on a January 30, 2006 mediation conference in <u>Amber Resources</u>, Plaintiffs state that final resolution of that case may not occur until 2009.  Krop. Dec. ¶ 8.

On August 10, 2006, Plaintiffs moved for an award of $187,054.52 for interim attorneys' fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Plaintiffs argue that interim fee awards are available under the EAJA and, as prevailing parties, they are entitled to the requested fees.  Plaintiffs add that their request for interim fees is in response to the Ninth Circuit's stay of the appeal.

Defendants respond that Plaintiffs' motion is premature because a final, non-appealable judgment has not been rendered.  In addition, Defendants argue that Plaintiffs are not entitled to fees

4

United States District Court

For the Northern District of California

1  because Defendants' litigation position was substantially

2  justified.  Alternatively, if the Court rules that Plaintiffs are

3  entitled to fees, Defendants contend that Plaintiffs are seeking

4  fees for work not performed in this case, the fees sought are

5  charged at an exorbitantly high rate, and the number of hours spent

6  is excessive.

7                              DISCUSSION

8  I.   Eligibility for Fees

9       To be eligible for EAJA fees, a party must be an "owner of an

10 unincorporated business, or any partnership, corporation,

11 association, unit of local government, or organization, the net

12 worth of which did not exceed $7,000,000 at the time the civil

13 action was filed, and which had not more than 500 employees at the

14 time the civil action was filed" or be "an organization described

15 in section 501(c)(3) of the Internal Revenue Code of 1986 (26

16 U.S.C. section 501(c)(3)) exempt from taxation under section 501(a)

17 of such Code."  28 U.S.C. § 2412(d)(2)(B)(ii).  The party seeking

18 fees has the burden of establishing its eligibility.  Thomas v.

19 Peterson, 841 F.2d 332, 337 (9th Cir. 1988).

20      Defendants argue that Plaintiffs have not met their burden of

21 establishing eligibility for EAJA fees.  On September 15, 2006,

22 with Plaintiffs' reply brief, they submit declarations and

23 documentation which establish that Plaintiffs Environment

24 California, Citizens' Planning Association of Santa Barbara, Santa

25 Barbara Channel Keeper, Otter Project, Surfrider Foundation, Get

26 Oil Out, Defenders of Wildlife, League for Coastal Protection and

27 NRDC meet the requirements for EAJA fees under 28 U.S.C.

28                                 5

United States District Court

For the Northern District of California

1  § 2412(d)(2)(B)(ii).  Jacobson Dec. ¶ 2; Landecker Dec. ¶ 2; Krop

2  Supp. Dec. ¶¶ 2, 3, Ex. 1-4; Notthoff Dec. ¶ 2; Edelson Supp. Dec.

3  ¶ 2, 3., Ex. 1; Eckberg Dec. ¶ 2.  Sierra Club is the only

4  Plaintiff that is not eligible for fees.  Krop Supp. Dec. ¶ 4.

5       Plaintiffs argue that, even though Sierra Club is not eligible

6  for fees, this should not prevent the attorneys who represented all

7  Plaintiffs from receiving fees, considering that all other

8  Plaintiffs are eligible.  Id.  Plaintiffs contend that Sierra Club

9  played a relatively minor role in the litigation and did not

10 contribute significantly to attorneys' fees and expenses.  Id.

11 Moreover, Sierra Club's role in the case was not material and the

12 case would have been filed without it.  Id.

13      The Court finds Plaintiffs' attorneys eligible for fees under

14 the EAJA.

15 II.  Timing of Request and Award of Fees

16      Defendants argue that Plaintiffs' request for attorneys' fees

17 is premature because a request for fees is allowed only after a

18 final, non-appealable judgment.

19      The EAJA requires that a party seeking attorneys' fees must

20 submit an application to the court "within thirty days of final

21 judgment in the action."  28 U.S.C. § 2413(d)(1)(B)(1988).  In

22 1985, Congress defined "final judgment" as one that is "final and

23 not appealable."  28 U.S.C. § 2421(d)(2)(G)(1988).

24      Despite the use of the "final judgment" language, a district

25 court in this circuit has found that it could consider an EAJA fee

26 petition while an appeal is pending.  Cervantes v. Sullivan, 739 F.

27 Supp 517, 521 (E.D. Cal. 1990).  In addition, Ninth Circuit cases

28                                    6

United States District Court

For the Northern District of California

1  have held, although not while an appeal was pending, that "interim

2  fees are available under the EAJA where a party has prevailed on

3  some substantial part of its claim, notwithstanding the need for

4  further proceedings." Animal Lovers Volunteer Ass'n, Inc. v.

5  Carlucci, 867 F.2d 1224, 1225 (9th Cir. 1989); National Wildlife

6  Fed'n v. FERC, 870 F.2d 542, 545-46 (9th Cir. 1989). In Animal

7  Lovers, 867 F.2d at 1224, the decision of the district court to

8  deny declaratory relief was reversed on appeal and the action was

9  remanded for a determination of whether injunctive relief should be

10  granted. In regard to the plaintiff's request for interim

11  attorneys' fees, the Ninth Circuit found that granting plaintiff

12  the declaratory relief it requested supported an interim award of

13  fees despite continued litigation of the claim for injunctive

14  relief in the district court. Id. at 1225. In National Wildlife

15  Fed'n, 870 F.2d at 543, 545, the Ninth Circuit determined that FERC

16  was statutorily required to consider the Fish and Wildlife Program

17  promulgated by the Northwest Power Planning Council in evaluating

18  all permit applications affecting the Columbia River and ruled that

19  FERC had failed to do so. Because this issue was a "significant

20  legal principle affecting the substantive rights of the parties,"

21  the Ninth Circuit determined that the plaintiffs were entitled to

22  interim legal fees. Id. Both Ninth Circuit cases cited as

23  authority Hanrahan v. Hampton, 446 U.S. 754, 756 (1980), which

24  addressed an interim fee request in a civil rights case, for the

25  proposition that fees may be awarded under the EAJA if the

26  plaintiff is the prevailing party even if a judgment which ends the

27  litigation on the merits has not been entered. Animal Lovers, 867

28

7

F.2d at 1225; <u>National Wildlife Fed'n</u>, 870 F.2d at 545.

In reviewing an interim fee request, the court in <u>Golden Gate Audubon Soc., Inc. v. United States Army Corps of Engineers</u>, 738 F. Supp. 339, 341 (N.D. Cal. 1988), noted that the House Committee report in support of 28 U.S.C. § 2413(d)(1)(B)(1988) "explicitly states that this subsection 'should not be construed as requiring a final judgment on the merits before a court may award fees.'" (citing H.R. Rep. No. 1418, 96th Cong., 2d Sess., 18, reprinted in 1980 U.S. Code Cong. & Adm. News 4953, 4997). "Instead, '[a] fee award may . . . be approved where the party has prevailed on an interim order that was central to the case.'" <u>Id.</u> at 341 (citing H.R. Rep. No. 1418, 96th Cong., 2d Sess., 18, reprinted in 1980 U.S. Code Cong. & Adm. News 4953, 4990); <u>also see</u>, <u>Haitian Refugee Center v. Meese</u>, 791 F.2d 1489, 1495 (11th Cir. 1986) (legislative history of EAJA amendments provides that fee petitions may be filed before final judgment). Additionally, other circuits have also upheld interim fee awards. <u>See</u> <u>id.</u>; <u>Young v. Pierce</u>, 822 F.2d 1376, 1377 (5th Cir. 1987).

Under the above-cited authority, this Court concludes that entry of a final, non-appealable judgment is not necessary before an attorneys' fee award may be filed.

In the instant case, Plaintiffs sought a declaratory judgment that Defendants violated NEPA and requested that the Court remand the EAs and FONSIs to the MMS with instructions to complete adequate NEPA environmental analyses of the proposed suspensions. This Court granted their request. August 31, 2005 Order at 13. Because a final, non-appealable judgment on the merits is not

8

**United States District Court**

For the Northern District of California

1    required before an award may be granted, and Plaintiffs prevailed
2    on a substantial part of their claim, Plaintiffs' application for
3    interim fees is not premature.

4        Defendants argue that <u>Auke Bay Concerned Citizen's Advisory</u>
5    <u>Council v. Marsh</u>, 779 F.2d 1391 (9th Cir. 1986), stands for the
6    proposition that interim attorneys' fees are only awarded before
7    final judgment when the plaintiff has prevailed on a discrete issue
8    that is non-appealable.  In <u>Auke Bay</u>, the plaintiff filed an
9    application for attorneys' fees after the court granted a permanent
10   injunction but eight months before entry of final judgment.  <u>Id.</u> at
11   1391.  The issue was whether the plaintiff's fee petition was
12   premature.  <u>Id.</u>  The Ninth Circuit granted the plaintiff's request
13   for interim attorneys' fees, explaining that an application
14   submitted before entry of judgment by the district court is timely
15   when "a court substantially grants the applicant's remedy before
16   final judgment is entered."  <u>Id.</u> at 1393.  Therefore, contrary to
17   Defendants' contention, <u>Auke Bay</u> supports Plaintiffs' position that
18   its application is timely although a final, non-appealable judgment
19   has not been entered because the Court has substantially granted
20   its remedy.  Furthermore, in <u>Auke Bay</u> the district court had not
21   yet entered final judgment.  Here, the district court has entered
22   final judgment in favor of Plaintiffs; it is only the appeal in the
23   circuit court that is pending.  Thus, the facts in the present case
24   weigh more heavily in favor of granting Plaintiffs' interim
25   attorneys' fees than those in <u>Auke Bay</u>.

26       Furthermore, if an interim fee award were not available,
27   through no fault of their own, Plaintiffs would have to wait an
28                                      9

1    additional two to three years before this Court could consider

2    their fee request because Defendants have successfully moved to

3    stay their appeal until final resolution of <u>Amber Resources</u>, which

4    may not occur until 2009.

5         For the above-mentioned reasons, the Court concludes that

6    Plaintiffs' application for interim fees is not premature.

7    III. Prevailing Party

8         Plaintiffs argue that they are prevailing parties because the

9    Court granted their motion for summary judgment in its entirety,

10   setting aside the lease suspensions pending compliance with NEPA.

11   Defendants appear not to dispute this point.

12        Because the Court granted all of the relief sought by

13   Plaintiffs, Plaintiffs are prevailing parties for the purpose of

14   their attorneys' fees request under the EAJA.

15   IV.  Substantial Justification and Special Circumstances

16        The EAJA provides as follows:

17        a court shall award to a prevailing party other than the
          United States fees and other expenses . . . incurred by that
18        party in any civil action . . . including proceedings for
          judicial review of agency action, brought by or against the
19        United States in any court having jurisdiction of that action,
          unless the court finds that the position of the United States
20        was substantially justified or that special circumstances make
          an award unjust.
21
22   28 U.S.C. § 2412(d)(1)(A).

23        Defendants do not assert that special circumstances exist here

24   that would make an award of fees unjust.  They do, however, argue

25   that their litigation position and their actions or failure to act

26   in the environmental analysis of the lease suspensions were

27   substantially justified.

28
                                    10

**United States District Court**
For the Northern District of California

Whether the position of the United States is substantially justified "shall be determined on the basis of the record which is made in the civil action for which fees and other expenses are sought." Id. The "position of the United States," as referred to in § 2412(d)(1)(a), "encompasses both an agency's action or failure to act upon which the civil action is based as well as the government's litigation position." Oregon Natural Resources Council v. Madigan, 980 F.2d 1330, 1331 (9th Cir. 1992).

The government has the burden of demonstrating that its position was substantially justified. Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir. 1990). At least two circuit courts of appeals have held that the government must make a "strong showing" in order to meet its burden. Natural Resources Defense Council v. EPA, 703 F.2d 700, 712 (3rd Cir. 1983); Environmental Defense Fund, Inc. v. Watt, 722 F.2d 1081, 1085 (2nd Cir. 1983).

For the reasons expressed in its Order of August 31, 2005, the Court finds that neither Defendants' actions nor their litigation position were "substantially justified" within the meaning of EAJA.

V.   Reasonableness of Fees

In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar." Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).

11

A.   Reasonable Hourly Rate

The EAJA provides that attorneys' fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(a).  The Ninth Circuit has held that three requirements must be satisfied before the court can exceed the statutory limit:  (1) the attorney possesses distinctive knowledge and skills developed through a practice specialty; (2) those skills are needed in the litigation; and (3) those skills are not available elsewhere at the statutory rate.  <u>Love v. Reilly</u>, 924 F.2d 1492, 1496 (9th Cir. 1991).  The Ninth Circuit has held that environmental litigation is a specialty area that requires distinctive knowledge.  <u>Id.</u> (citing <u>Animal Lovers</u>, 867 F. 2d at 1226).

If the statutory limit is exceeded, the party requesting fees must demonstrate "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." <u>Blum v. Stinson</u>, 465 U.S. 886, 896 (1984).

Attorneys Linda Krop and Andrew Caputo request fees of $450 per hour for 322.75 hours of work which, they state, required their distinctive knowledge and skills in environmental law.  For the 263.84 hours that did not require environmental law expertise,

1    Plaintiffs' attorneys request payment at the EAJA hourly rate[3].

2        Plaintiffs provide declarations from several attorneys, each

3    having experience with billing practices in the San Francisco Bay

4    Area and some having specific experience with NEPA cases,

5    supporting $450 as a reasonable rate for the services provided by

6    Ms. Krop and Mr. Caputo.  Folk Dec. ¶¶ 2, 3, 4, 7; Atkins-Pattenson

7    Dec. ¶¶ 6, 7, 9; Weissglass Dec. ¶ 3, 5; Wheaton Dec. ¶¶ 9, 10, 16.

8    Moreover, Ms. Folk, Mr. Atkins-Patterson and Mr. Wheaton state that

9    senior attorneys with the specialized expertise of Mr. Caputo and

10   Ms. Krop are generally not available at the EAJA statutory rate.

11   Folk Dec. ¶ 7; Atkins-Pattenson Dec. ¶ 9b; Wheaton Dec. ¶ 15.

12       Defendants do not dispute that environmental litigation is an

13   identifiable practice specialty, nor do they dispute that Ms. Krop

14   and Mr. Caputo have specialized knowledge and skills in

15   environmental law.  Rather, Defendants contend that Plaintiffs have

16   not adequately shown that other attorneys in the area would not have

17   taken the case at the statutory rate, nor have they shown that the

18   prevailing market rate for their work is $450 per hour.  However,

19   Defendants provide no evidence to dispute that provided by

20   Plaintiffs.  Defendants concede that a $450 or $500 rate would be

21   billable by a senior partner doing environmental litigation for a

22   corporate client but argue that this amount should not be billed for

23   work done for public interest clients.  However, they provide no

24   authority for their statement.

25   _____

26       [3]Plaintiffs request a cost of living adjustment from the
     statutory EAJA hourly rate of $125 per hour to an hourly rate of
     $152 per hour for hours expended in 2004, and $157 per hour for
27   hours expended in 2005.  28 U.S.C. § 2412(d)(2)(A).

28                                    13

United States District Court

For the Northern District of California

Because Plaintiffs provide evidence that $450 per hour is a reasonable rate in the San Francisco area for attorneys of Ms. Krop's and Mr. Caputo's background and experience, and Plaintiffs' attorneys have exercised reasonable billing judgment by charging that rate only for work that required their specialized knowledge and skills, the Court finds the hourly rates requested to be reasonable.

B.   Reasonable Number of Hours

The district court may not award fees for hours that were not reasonably expended.  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  Id.

1.   Administrative Process

As discussed above, Plaintiffs in the instant case were also Plaintiffs in California ex rel. California Coastal Comm'n v. Norton.  That case was remanded to the MMS to undertake the administrative process which is now the subject of this case. Plaintiffs request compensation for the 150 hours of legal services performed during the administrative process.

Defendants correctly cite Sullivan v. Hudson, 490 U.S. 877, 885 (1989), for the proposition that attorneys' fees are not allowable in "traditional review of agency action," and argue that the administrative review in this case is traditional.  However, Sullivan v. Hudson goes on to explain that if the administrative proceedings "are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress

14

sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded." Id. at 888. Fee awards under the EAJA are appropriate for time expended in administrative proceedings because the act was intended "to diminish the deterrent effect of seeking review of, or defending against, governmental action." Id. at 890. Inability to secure representation during mandatory administrative proceedings, because of the expense, would severely hamper a plaintiff's opportunity to challenge government action when considering the need to develop an accurate and full administrative record in advance of civil litigation. Native Village of Quinhagak v. United States, 307 F.3d 1075, 1083 (9th Cir. 2002). In addition, according to Melkonyan v. Sullivan, 501 U.S. 89, 96-97 (1991), the rule in Sullivan v. Hudson specifically allows for attorneys' fees performed during an administrative process when the process is the product of a remand and the court retains jurisdiction.

The determinative issue is whether these administrative proceedings were "crucial to the vindication of [the plaintiff's] rights." Sullivan v. Hudson, 490 U.S. at 889.

The administrative process at issue here was the result of a remand from a related case and this Court retained jurisdiction. Plaintiffs meet the "intimately tied" requirement in Sullivan v. Hudson because development of the administrative record played a significant role in their ability to bring subsequent litigation. See Krop Dec. ¶¶ 3-6.

Accordingly, the Court awards Plaintiffs' attorneys' fees for time spent during the administrative process.

15

United States District Court

For the Northern District of California

1          2.    Time Spent on Public Relations

2          Plaintiffs argue that they should be compensated for their time

3    communicating with the press because they are entitled to

4    compensation for attorney time "reasonably expended in pursuit of

5    the ultimate result achieved, in the same manner as an attorney

6    traditionally is compensated by a fee-paying client for all time

7    reasonably expended on a matter." Lucas v. White, 63 F. Supp. 2d

8    1046, 1057 (N.D. Cal. 1999).

9          Although one of Plaintiffs' goals in litigation may have been

10   to educate the public about the environmental impacts of the

11   proposed lease suspensions, Plaintiffs do not explain how this

12   relates to the "ultimate result achieved" in litigation.

13         Plaintiffs also rely on Davis v. City & County of San

14   Francisco to support their request, but this case is

15   distinguishable.  976 F.2d 1536, 1545 (9th Cir. 1992).  In Davis,

16   the court held that the plaintiffs could recover for public

17   relations work with the San Francisco Board of Supervisors, whose

18   support was "vital" to the ultimate resolution of the case.  Id. at

19   1545.  The court found that the plaintiffs could only recover for

20   "the giving of press conferences and performance of lobbying and

21   public relations work" that was "directly and intimately related to

22   the successful representation of [the] client."  Id.  In this case,

23   Plaintiffs have not shown the required direct, intimate

24   relationship between their press activities and success on the

25   merits of the case.

26         The Court denies Plaintiffs' fee request for time spent by

27   David Newman and Ms. Krop on press activities.  Mr. Newman spent

28                                   16

**United States District Court**
For the Northern District of California

7.92 hours on press activities and Ms. Krop spent 3.7 hours.
Accordingly, 11.62 hours are deducted from the total amount
requested, calculated at the EAJA hourly rate of $157 per hour.
Therefore, the total deduction is $1,824.34.

      3.    Total Hours Expended

     Finally, Defendants argue that the total number of hours
requested by Plaintiffs "should give the Court pause." Defendants
contend that they had the more difficult argument and their counsel
David Glazier was new to this area of the law, yet he only expended
183.5 hours, compared to the 587 hours expended by Plaintiffs'
counsel.[4]

     Plaintiffs contend that the number of hours expended was
reasonable and that they exercised considerable billing judgment.
They support this contention with declarations from attorneys
familiar with federal litigation and administrative proceedings.
Folk Dec. ¶ 5; Atkins-Pattenson Dec. ¶ 9(a). They also question
how much time, beyond the 183.5 hours spent by Mr. Glazier, other
counsel for Defendants spent working on this case. In addition,
Plaintiffs argue that the contrast in hours may be explained by the
differences between prosecuting and defending a case. Chabner v.
United of Omaha Life Ins. Co., No. C-95-0447 MHP, 1999 WL 33227443,
at 3-4 (N.D. Cal. 1999) (reason for disparity in number of hours
billed by plaintiffs' attorney versus defendants' was due to
differences in burden of proof and the difficulty of obtaining
access to information).

---

    [4]Defendants state that Plaintiffs request payment for 744
hours, but Plaintiffs actually request payment for 587 hours.

17

United States District Court

For the Northern District of California

1    This Court finds most of Defendants' arguments unpersuasive.

2 Therefore, Plaintiffs' attorneys will be compensated for a total of

3 575.38 hours: 587 hours claimed minus 11.62 hours spent on press

4 activities.  The total fee award is $184,507.14.

5 VI.  Reasonable Expenses

6    EAJA allows compensation for reasonable expenses.  28 U.S.C.

7 § 2412(d)(1)(A).  Defendants do not object to Plaintiffs' claim of

8 $723.14 for expenses.  The expenses appear to be reasonable.  The

9 Court awards $723.14 for expenses.

10                        CONCLUSION

11    For the foregoing reasons, Plaintiffs' motion for interim

12 attorneys' fees (Docket No. 51) is granted.  The Court denies

13 Plaintiffs' request for fees for time spent on press activities and

14 accordingly deducts $1,824.34 from the amount of the total fee

15 request.  Defendants shall forthwith pay Plaintiffs $185,230.18 in

16 interim attorneys' fees and costs.

17

18    IT IS SO ORDERED.

19

20 Dated: 12/22/06

21                                  _____
                                    CLAUDIA WILKEN
22                                  United States District Judge

23

24

25

26

27

28                             18