**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  LEAGUE FOR COASTAL PROTECTION, et          No. C 05-0991-CW
    al.,
11
               Plaintiffs,                     ORDER DENYING
12                                             DEFENDANTS'
        v.                                     MOTION TO STAY
13                                             PENDING APPEAL
    DIRK KEMPTHORNE, Secretary of the          AND GRANTING
14  Interior, et al.,                          PLAINTIFFS'
                                               MOTION TO ENFORCE
15             Defendants.                     FEE AWARDS
16  _____/

17

18      On December 22, 2006, the Court awarded Plaintiffs $185,230.18

19  in interim attorneys' fees and costs under the Equal Access to

20  Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).  On March 29, 2007,

21  the Court awarded Plaintiffs an additional $11,200 for their

22  attorney time incurred recovering attorneys' fees and costs.

23  Defendants move, pursuant to Federal Rule of Civil Procedure 62, to

24  stay the Court's orders awarding Plaintiffs attorneys' fees and

25  costs.  Plaintiffs oppose that motion and have filed a motion to

26  enforce the fee awards.  Defendants oppose Plaintiffs' motion.  The

27  matter was decided on the papers.  Having considered the parties'

28

1   papers, the Court denies Defendants' motion and grants Plaintiffs'

2   motion.

3                               BACKGROUND

4        On August 31, 2005, the Court granted Plaintiffs' motion for

5   summary judgment, finding that Defendants had failed to comply

6   fully with the National Environmental Policy Act.  Defendants filed

7   a timely notice of appeal.  However, Defendants successfully moved

8   to stay that appeal, pending the outcome of <u>Amber Resources Co. v.</u>

9   <u>United States</u>.  Plaintiffs state that, based on the proceedings in

10  <u>Amber Resources</u>, it is unlikely that the appeal of this Court's

11  summary judgment order will be resolved until at least 2009, if not

12  later.

13       On December 22, 2006, the Court ordered Defendants forthwith

14  to pay Plaintiffs $185,230.18 in interim attorneys' fees and costs.

15  They did not.  On February 20, 2007, Defendants filed a notice of

16  appeal of that order.  Approximately a month later, the Court

17  awarded Plaintiffs an additional $11,200, again rejecting

18  Defendants' argument that any request for attorneys' fees and costs

19  was premature because an appeal is pending.  Defendants also filed

20  a notice of appeal of that order.  They have not paid Plaintiffs

21  any of the $196,430.18 award to which Plaintiffs are entitled.

22                              DISCUSSION

23       Defendants argue that, pursuant to Federal Rule of Civil

24  Procedure 62, they are entitled to a stay of the Court's awards of

25  attorneys' fees and costs.  Plaintiffs disagree and argue that the

26  Court should, once again, order Defendants to pay their attorneys'

27  fees and costs.

28                                    2

**United States District Court**
For the Northern District of California

1    Rule 62 addresses a stay of proceedings to enforce a judgment.

2 Subdivision (d) of the Rule provides that, subject to certain

3 exceptions, when an appeal is taken, the appellant may obtain a

4 stay of execution by posting a supersedeas bond: "a party taking an

5 appeal from the District Court is entitled to a stay of a money

6 judgment as a matter of right if he posts a bond in accordance with

7 Fed. R. Civ. P. 62(d)."   Am. Mfrs. Mut. Ins. Co. v. Am.

8 Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966).

9 Subdivision (e) of the Rule provides that, when an appeal is taken

10 by the United States "or by direction of any department of the

11 Government of the United States and the operation or enforcement of

12 the judgment is stayed, no bond, obligation, or other security

13 shall be required from the appellant."  Fed. R. Civ. P. 62(e).

14    Some courts have interpreted Rules 62(d) and (e) together,

15 concluding that, when the United States moves for a stay of a money

16 judgment pending appeal, it is entitled to a stay as a matter of

17 right, and is not required to post a bond.  See, e.g., Hoban v.

18 Washington Metropolitan Area Transit Auth., 841 F.2d 1157, 1159

19 (D.C. Cir. 1988) (finding one must read Rule 62(e) "in tandem with"

20 Rule 62(d)); In re Mgndichian, 2003 WL 23358199 (C.D. Cal.).  Other

21 courts have not.  In In re Westwood Plaza Apartments, Ltd., 150

22 B.R. 163, 166 (E.D. Tex. 1993), for example, the court concluded,

23 "Subdivision (e) is complete and not dependent on subdivision (d).

24 The second condition of subdivision (e) is not worded as to provide

25 an appeal as a matter of right as the first sentence to

26 subdivision (d) does.  It only states that a bond need not be

27 posted if a stay is granted in favor of the United States."  But,

28                                    3

**United States District Court**
For the Northern District of California

1  as Defendants point out, it appears that the weight of authority

2  concludes that the United States is entitled to a stay of a money

3  judgment as a matter of right.

4       Plaintiffs do not argue otherwise.  Indeed, Plaintiffs do not

5  address whether Rules 62(d) and (e) should be read together.

6  Rather, they argue that the Court's award of attorneys' fees and

7  costs is not a money judgment and, therefore, there is no stay as a

8  matter of right.  They note that, in Poole v. Rourke, 779 F. Supp.

9  1546, 1560 (E.D. Cal. 1991), the court concluded that EAJA fee

10 awards are "more akin to specific relief than to money damages,"

11 because they are necessarily incidental to efforts to secure other

12 relief.  And, in Stone v. City and County of San Francisco, 145

13 F.R.D. 553, 561 (N.D. Cal. 1993), the court found that the stay as

14 a matter of a right for money judgments provided in Rule 62(d) does

15 not apply to a fee award that is "more closely analogous to an

16 injunctive decree than it is to an award of money damages."

17 Nonetheless, although these cases support Plaintiffs' argument,

18 they are not directly on point.

19      In re Mgndichian, cited by Defendants, is more on point.[1]

20 There, the United States sought a stay of the court's order

21 awarding the petitioner attorneys' fees.  The court concluded that

22 the government was entitled to a stay pending appeal as a matter of

23 right and stayed its order until appellate proceedings were

24 resolved and final.  2003 WL 23358199, *2.  This case, however, is

25

26      [1]Although Defendants provided a copy of this unpublished order
with their moving papers, Plaintiffs do not address it in their
27 papers.

28                                    4

**United States District Court**
For the Northern District of California

1 not binding on the Court.  More importantly, <u>In re Mgndichian</u> does

2 not address whether an attorneys' fees award is a money judgement

3 under Rule 62.  It is not clear whether that issue was even raised

4 before the court.  Therefore, <u>In re Mgndichian</u> is not persuasive

5 concerning whether the attorneys' fees and cost award is subject to

6 the stay as a matter of right provision of Rule 62(d).

7       Although Plaintiffs have cited no case that finds that

8 attorneys' fees and costs, such as those awarded here, are not a

9 money judgment under Rule 62, the cases they cite support their

10 argument, which the Court finds persuasive.  Defendants cite no

11 case requiring the Court to find otherwise.  The Court will not

12 apply the term "money judgment" so broadly as to encompass

13 attorneys' fees and costs that were incurred while seeking the

14 injunctive relief at issue in this case.  <u>See</u> <u>Stone</u>, 145 F.R.D. at

15 558-61 (contrasting contempt order imposing fines with "money

16 damages" subject to a Rule 62(d) stay as a matter of right).

17 Following <u>Stone</u>'s recognition that monetary relief responsive to

18 equitable concerns is not subject to Rule 62(d)'s stay as a matter

19 of right, the Court finds that a stay as a matter of right is not

20 warranted here.

21       Nonetheless, a discretionary stay may be warranted; Defendants

22 argue that it is.  The Supreme Court instructs that the factors

23 regulating the issue of a stay are as follows:

24       (1) whether the stay applicant has made a strong showing that
         he is likely to succeed on the merits; (2) whether the
25       applicant will be irreparably injured absent a stay;
         (3) whether issuance of the stay will substantially injure the
26       other parties interested in the proceeding; and (4) where the
         public interest lies.

27

28                                      5

**United States District Court**
For the Northern District of California

1  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  As the Ninth

2  Circuit explains, "The standard for evaluating stays pending appeal

3  is similar to that employed by district courts in deciding whether

4  to grant a preliminary injunction."  Lopez v. Heckler, 713 F.2d

5  1432, 1435 (9th Cir. 1983).

6       In awarding Plaintiffs attorneys' fees and costs under EAJA,

7  the Court found that Defendants' position was not substantially

8  justified; Defendants have not made a strong showing that they are

9  likely to succeed on appeal.  Nor have they raised any "serious

10 legal questions" as to the propriety of the Court's summary

11 judgment ruling.  See Lopez, 713 F.2d at 1435.  Defendants'

12 speculation that they may not be able to recover fees and costs

13 paid to Plaintiffs' attorneys in the event of a successful appeal

14 does not establish irreparable harm.  The balance of hardships does

15 not tip in Defendants' favor.

16      A stay is not warranted.  The Court will not exercise its

17 discretion to grant Defendants' request for a stay pending appeal.

18 Nor will it require Plaintiffs to post a bond as a prerequisite to

19 receiving their fee awards.  Unlike Defendants' motion for a stay,

20 Plaintiffs' motion for enforcement of the awards of attorneys' fees

21 and costs has merit.  The Court again orders Defendants forthwith

22 to pay Plaintiffs' attorneys' fees and costs.

23                              CONCLUSION

24      For the foregoing reasons, Defendants' Motion for Stay Pending

25 Appeal of Awards of Attorneys' Fees and Costs (Docket No. 73) is

26 DENIED.  Plaintiffs' Motion to Enforce Fee Awards (Docket No. 75)

27

28                                   6

is GRANTED.  Within thirty days from the date of this order,

Defendants shall pay Plaintiffs' attorneys $196,430.18.

    IT IS SO ORDERED.


Dated: 7/2/07
                                _____
                                CLAUDIA WILKEN
                                United States District Judge

**United States District Court**
For the Northern District of California

7